**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **REMAE ELIZABETH RODRIGUEZ,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. _____** |
| | § | **Jury Demanded** |
| **MENTAL HEALTH MENTAL** | § | |
| **RETARDATION AUTHORITY OF** | | |
| **HARRIS COUNTY, ROBERT** | | |
| **BENNETT, MYRTLE BAYLOR,** | | |
| **PATRICIA SIBLEY, ETHEL PERRY,** | | |
| **MONIQUE DASANT-CRAWFORD** | | |
| **AND CHARLOTTE SIMMONS,** | | |
| **Defendants.** | § | |

**PLAINTIFF, REMAE ELIZABETH RODRIGUEZ'S,
<u>ORIGINAL COMPLAINT AND JURY DEMAND</u>**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Remae Rodriguez, hereinafter called Plaintiff, complaining of and about MENTAL HEALTH MENTAL RETARDATION AUTHORITY OF HARRIS COUNTY, hereinafter called Defendant, and for cause of action shows unto the Court the following:

<u>**A. PARTIES AND SERVICE**</u>

1.      Plaintiff Remae Elizabeth Rodriguez, is a citizen of the United States and the State of TX and resides in Harris County, TX.

2.      Defendant Mental Health Mental Retardation Authority of Harris County may be served with citation by serving Rose Childs, in her official capacity as the Deputy Director, Mental Health Division, at 7011 Southwest Freeway, Houston, Texas 77074.

1

3.      Defendant Robert Bennett, individually and in official capacity with Mental Health Mental Retardation Authority of Harris County as Human Resources Generalist, is a citizen of the State of Texas.   Said Defendant may be personally served with process at the following address:   7011 Southwest Freeway, Houston, Texas 77074.

4.      Defendant Myrtle Baylor, individually and in official capacity with Mental Health Mental Retardation Authority of Harris County as Human Resources Assistant, is a citizen of the State of Texas.   Said Defendant may be personally served with process at the following address:   7011 Southwest Freeway, Houston, Texas 77074.

5.      Defendant Patricia Sibley, individually and in official capacity with Mental Health Mental Retardation Authority of Harris County as Deputy Director of Mental Health, is a citizen of the State of Texas.   Said Defendant may be personally served with process at the following address:   7011 Southwest Freeway, Houston, Texas 77074.

6.      Defendant Ethel Perry, individually and in official capacity with Mental Health Mental Retardation Authority of Harris County as Practice Manager, is a citizen of the State of Texas.   Said Defendant may be personally served with process at the following address:   7011 Southwest Freeway, Houston, Texas 77074.

7.      Defendant Monique Dasant-Crawford, individually and in official capacity with Mental Health Mental Retardation Authority of Harris County as Employee Services Manager, is a citizen of the State of Texas.   Said Defendant may be personally served with process at the following address:   7011 Southwest Freeway, Houston, Texas 77074.

8.      Defendant Charlotte Simmons, individually and in official capacity with Mental Health Mental Retardation Authority of Harris County as Employment Manager, is a citizen of the State of Texas.   Said Defendant may be personally served with process at the following

2

address:    7011 Southwest Freeway, Houston, Texas 77074.

## B.  JURISDICTION

### FAMILY MEDICAL LEAVE ACT

9.      The action arises under the Family and Medical Leave Act (FMLA), 29 U.S.C. Section 2601 et. seq. as hereinafter more fully appears.

### AMERICANS WITH DISABILITY ACT

10.      This is an action under American's With Disabilities Act (ADA), Title 42 U.S.C. Section 12101 et. seq. to correct unlawful employment practices on the basis of disability.

### DEFAMATION BY LIBEL AND SLANDER

11.      This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

12.      Plaintiff Remae Rodriguez was employed as a Rehab Clinician and Continuity of Care Referral Coordinator with the defendant, agency within the territorial jurisdiction of the court.

## C.  NATURE OF ACTION

### FAMILY MEDICAL LEAVE ACT

13.      This is an action under 29 U.S.C. Section 2601 et. seq. to correct violations of the Family Medical Leave Act.

### AMERICANS WITH DISABILITY ACT

14.      This is an action under Title 42 U.S.C. Section 12101 et. seq. to correct unlawful employment practices on the basis of disability and/or perceived disability.

## D.  CONDITIONS PRECEDENT FAMILY MEDICAL LEAVE ACT

15.      All conditions precedent to jurisdiction have occurred or been complied with:

3

Plaintiff Remae Rodriguez has been employed for at least 12 months by MENTAL HEALTH MENTAL RETARDATION AUTHORITY OF HARRIS COUNTY, and has worked at least 1,250 hours for MENTAL HEALTH MENTAL RETARDATION AUTHORITY OF HARRIS COUNTY in the last 12 month period.

16.    Defendant is an employer within the meaning of the FMLA.  Defendant is engaged in commerce or in an industry affecting commerce and employs 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year.

17.    Plaintiff was entitled to 12 work weeks of leave during the period between March 23, 2007 and April 22, 2007 because of Migraine Headaches, a serious health condition that made plaintiff unable to perform the functions of her position.

18.    Plaintiff gave defendant such notice as was practicable under unforeseeable circumstances before the date the leave was to begin.

19.    Plaintiff provided the appropriate certification/documentation of need required by defendant.

20.    Defendant intentionally interfered with rights provided under the FMLA by initiating a campaign of intimidation, retaliation and discrimination designed to discredit Plaintiff and subsequently discharge Plaintiff.

### E.   CONDITIONS PRECEDENT AMERICANS WITH DISABILITY ACT

21.    All conditions precedent to jurisdiction have occurred or been complied with:   a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of

a right to sue letter.

## F.   RESPONDEAT SUPERIOR AND RATIFICATION

22.    Whenever in this complaint it is alleged that the Defendant, Mental Health Mental Retardation Authority of Harris County, did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives, including, but not limited Robert Bennett, Myrtle Baylor, Patricia Sibleyy, Monique Dasant-Crawford and Charlotte Simmons.

## G.   FACTS

23.    On March 22, 2007, Plaintiff Remae Rodriguez requested medical leave for the dates of March 16, 2007 through March 21, 2007.

24.    On March 22, 2007, Plaintiff Remae Rodriguez requested administrative leave for the date of March 22, 2007.

25.    Plaintiff Remae Rodriguez's physician provided a letter stating that Plaintiff Remae Rodriguez was to return to work on light duty for the date beginning March 22, 2007 and recommended minimized stress and minimized driving form March 22, 2007 through April 23, 2007.

26.    Defendant did not provide the necessary accommodations for Plaintiff Remae Rodriguez as recommended by the Plaintiff Remae Rodriguez's physician.

27.    Defendant did not inform Plaintiff Remae Rodriguez of her rights under FMLA as required by law.

28.    Plaintiff Remae Rodriguez was instructed by Defendant to take FMLA leave from

5

March 22, 2007 through April 23, 2007.

29.    Plaintiff Remae Rodriguez was discriminated against and intimidated by Defendant on the day she was to take FMLA leave in that Defendant instructed Plaintiff Remae Rodriguez to remove all of her personal belongings from her office prior to taking her leave.

30.    Plaintiff Remae Rodriguez was discriminated against and intimidated by Defendant on the day she was to take FMLA leave in that Defendant instructed a security guard to monitor Plaintiff Remae Rodriguez as she gathered her personal belongings.

31.    Plaintiff Remae Rodriguez was discriminated against and intimidated by Defendant on the day she was to take FMLA leave in that Defendant prevented Plaintiff Remae Rodriguez from closing her door as she normally would have been able to do as she gathered her personal items.

32.    Plaintiff Remae Rodriguez was instructed by Defendant that she would not be allowed to return from FMLA leave until she obtained a letter from her Physician stating that she could return on full duty.

33.    Plaintiff Remae Rodriguez was evaluated by her Physician on April 20, 2007 and pursuant to Defendant's instructions Plaintiff Remae Rodriguez received a letter from her Physician stating that she could return on full duty.

34.    In the aforementioned letter, Plaintiff Remae Rodriguez's physician did state that Plaintiff Remae Rodriguez could return to work on full duty, but that she was to return to her Physician if symptoms recurred.

35.    Plaintiff Remae Rodriguez returned to work on April 23, 2007.

36.    While Plaintiff Remae Rodriguez was on FMLA leave she was informed that her job title and position would no longer be available and she would be reassigned to another

6

position and job title.  Plaintiff was later informed by Defendant that she had been terminated while on FMLA.

37.    When Plaintiff Remae Rodriguez returned to work she no longer had a mailbox as she before prior to taking FMLA leave.

38.    When Plaintiff Remae Rodriguez returned to work her name had been removed from the sign in sheet provided for employees.

39.    When Plaintiff Remae Rodriguez returned to work she did not have an access code necessary for her new position.

40.    In late April/ early May 2007, Plaintiff Remae Rodriguez began the process of trying to obtain a home loan.

41.    Plaintiff Remae Rodriguez informed Defendant that she needed Defendant's assistance with obtaining the home loan in that Defendant would be requested to provide to the mortgage company verification of Plaintiff Remae Rodriguez's income.

42.    Defendant intentionally failed to reasonably cooperate with Plaintiff Remae Rodriguez and the mortgage company, in that Defendant would not provide the required information accurately and in a timely manner.

43.    Defendant finally completed the form verifying Plaintiff Remae Rodriguez's income and submitted it to the mortgage company as requested.

44.    Defendant was later contacted by Dee Bireddy, the loan officer handling the loan for Plaintiff Remae Rodriguez , and Defendant was informed by Dee Bireddy that there were two forms received verifying Plaintiff Remae Rodriguez's income that stated different incomes and appeared to contain different signatures for Myrtle Baylor, Defendant employee who signed forms verifying Plaintiff Remae Rodriguez's income.

45.    Defendant requested that Dee Bireddy fax the two aforementioned documents to Defendant.

46.    Defendant reviewed the documents and immediately accused Plaintiff Remae Rodriguez's of committing fraud and falsifying documents.

47.    Defendant summarily terminated Plaintiff Remae Rodriguez without conducting an investigation into the facts and circumstances regarding documents verifying Plaintiff Remae Rodriguez's income.   Said termination occurred on May 16, 2007, one month after Plaintiff Remae Rodriguez returned from FMLA leave.

48.    Defendant contacted Plaintiff Remae Rodriguez and informed her that she was terminated and provided the reasons for the termination.

49.    Plaintiff Remae Rodriguez immediately denied committing fraud and falsifying documents as alleged and stated that she had not even seen the document alleged to have been falsified.

50.    Plaintiff Remae Rodriguez requested that Defendant contact the mortgage company immediately and ask them where the document had come from.

51.    Defendant refused to contact the mortgage company regarding the document alleged to have been forged by Plaintiff Remae Rodriguez.

52.    Plaintiff Remae Rodriguez immediately contacted the mortgage company herself and representatives of the mortgage company attempted numerous times to contact Defendant in order to inform Defendant that a representative from the mortgage company had actually completed the document in question and not only had Plaintiff Remae Rodriguez not completed the form, but she had never seen the form.

53.    Defendant willfully, intentionally, recklessly and with malice ignored the repeated

8

attempts by the mortgage company representatives to clear up the matter.

54.     Defendant continued to willfully, intentionally, recklessly and with malice published by written, oral and conduct communication that Plaintiff Remae Rodriguez committed fraud and falsified the document in question.

55.     Plaintiff Remae Rodriguez appealed her termination to the Texas Workforce Commission and EEOC and was provided with a hearing regarding the facts surrounding her termination.

56.     During the hearing representatives from the mortgage company assisting Plaintiff Remae Rodriguez with obtaining a home loan testified that Plaintiff Remae Rodriguez had not completed the form and had never seen the form.

57.     Despite the testimony of the representatives from the mortgage company, Defendant again defamed Plaintiff Remae Rodriguez by stating that she committed fraud and falsified documents.

58.     Plaintiff Remae Rodriguez has attempted unsuccessfully to secure another job to date and her attempts to do so have been hampered in that she has to explain the circumstances of her termination to prospective employers.

## H.   COUNT I - FAMILY MEDICAL LEAVE ACT

59.     Defendant, MENTAL HEALTH MENTAL RETARDATION AUTHORITY OF HARRIS COUNTY, interfered, restrained or denied Plaintiff Remae Rodriguez her rights under the Family Medical Leave Act.

60.     Defendant, MENTAL HEALTH MENTAL RETARDATION AUTHORITY OF HARRIS COUNTY, intentionally discriminated against Plaintiff Remae Rodriguez in connection with the compensation, terms, conditions and privileges of employment in violation of the

9

Family Medical Leave Act.

61.     Plaintiff Remae Rodriguez alleges that Defendant, MENTAL HEALTH MENTAL RETARDATION AUTHORITY OF HARRIS COUNTY, willfully discriminated and interfered with Plaintiff's rights under the Family Medical Leave Act.

## I.    COUNT II- AMERICANS WITH DISABILITY ACT

62.     Defendant, Mental Health Mental Retardation Authority of Harris County, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because of her disability.

63.     Defendant, Mental Health Mental Retardation Authority of Harris County, by and through Defendant's agents, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 12112.   The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee.

64.     At all material times, Plaintiff was able to perform the essential functions of her position with accommodation.   Plaintiff has a disability and is regarding as having a disability which substantially limits at least one major life activity.   Plaintiff was discriminated against on the basis of her disability and perception of having a disability.

65.     Plaintiff alleges that Defendant, Mental Health Mental Retardation Authority of Harris County, by and through Defendant's agents, discriminated against Plaintiff on the basis of her disability with malice or with reckless indifference to the protected rights of Plaintiff.

## J.    COUNT III- DEFAMATION BY LIBEL AND SLANDER

66.     Defendant, Mental Health Mental Retardation Authority of Harris County and

Defendants Robert Bennett, Myrtle Baylor, Patricia Sibleyy, Monique Dasant-Crawford and Charlotte Simmons published a statement by oral communication asserting as fact that Plaintiff falsified documents and committed fraud.

67.     Defendant, Mental Health Mental Retardation Authority of Harris County and Defendants Robert Bennett, Myrtle Baylor, Patricia Sibleyy, Monique Dasant-Crawford and Charlotte Simmons published a statement by written communication asserting as fact that Plaintiff falsified documents and committed fraud.

68.     Defendant, Mental Health Mental Retardation Authority of Harris County and Defendants Robert Bennett, Myrtle Baylor, Patricia Sibleyy, Monique Dasant-Crawford and Charlotte Simmons published a statement by communication through conduct asserting as fact that Plaintiff falsified documents and committed fraud.

69.     The statement referred to Plaintiff by her name.

70.     The statement was defamatory because a person of ordinary intelligence would perceive its meaning as unambiguous and clearly apparent on its face.

71.     The statement was false because Plaintiff did not falsify the documents in question and Plaintiff did not commit fraud by falsifying the documents in question as alleged by the Defendant.

72.     Defendant is strictly liable to Plaintiff for the defamation.

73.     Plaintiff is a private figure plaintiff.

74.     Defendant is a non-media defendant.

75.     The speech involves a private issue.

**K.   COUNT IV- DEFAMATION BY LIBEL PER SE AND SLANDER PER SE**

76.     Defendant's statement described in Count III above was libel per se.

11

77.    Defendant's statement:

      a.    Injured Plaintiff's reputation and exposed plaintiff to financial injury.

      b.    Impeached Plaintiff's honesty, integrity, virtue, and reputation by alleging that Plaintiff had committed fraud and falsified documents.

78.    Defendant's statement described in Count III above was slander per se.

79.    Defendant's statement:

      a.    Injured Plaintiff's reputation and exposed plaintiff to financial injury.

      b.    Impeached Plaintiff's honesty, integrity, virtue, and reputation by alleging that Plaintiff had committed fraud and falsified documents.

80.    The defamatory statement requires no proof of its injurious character because it was obviously hurtful to plaintiff.

81.    Plaintiff suffered damages for which Plaintiff herein sues.

## L.    DAMAGES

82.    Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

      a.    Plaintiff was discharged from employment with defendant.    Although plaintiff has diligently sought other employment, she has been unable to find a job at comparable pay.    In addition, plaintiff has incurred expenses in seeking other employment.

      b.    All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

      c.    Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the

Court deems equitable and just;

d.    All reasonable and necessary costs incurred in pursuit of this suit;

e.    Expert fees as the Court deems appropriate;

f.    Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

g.    Inconvenience;

h.    Interest; and

i.    Plaintiff has suffered loss of employment benefits.    Specifically, cancellation of plaintiff's health benefits plan, payment for medical treatment that otherwise would have been covered by the health benefits plan.

j.    Plaintiff has suffered loss of her pension or retirement benefits.

k.    Plaintiff seeks compensation for all lost wages and benefits, plus prejudgment interest at the prevailing rate.

l.    Loss of earning capacity which will, in all probability, be incurred in the future.

m.    Plaintiff seeks postjudgment interest on all sums, including attorney fees and costs awarded in this action.

### M.   LIQUIDATED DAMAGES FAMILY MEDICAL LEAVE ACT

83.    Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed intentionally and willfully in violation of the FMLA.  Plaintiff also seeks recovery from Defendant for liquidated damages within the meaning of the FMLA.

### N.   EXEMPLARY DAMAGES AMERICANS WITH DISABILITY ACT

84.     Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff.   In order to punish said Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages.

## O.   SPECIFIC RELIEF

85.     Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

a.     Rehire Plaintiff;

b.     Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful actions of Defendant; and

c.     All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff

d.     Costs of suit.

e.     All other relief the court deems appropriate.

## P.   PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Remae Rodriguez, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; liquidated damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

14

Marshall Law Firm
123 S. Flores Street
San Antonio, Texas 78204
Tel. (210)444-2536 Office
Fax. (210)223-7455 Facsimile


By:_____

Cleophus Marshall, III
Texas Bar No. 00797003
Attorney for Plaintiff
Remae Rodriguez


**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**